36428-1
Firm I.D. 47812

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOLORES COOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Law No. 19-cv-8306 |
| | ) |
| EVAN J. MUELLER and TRANSCO, INC. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant, Evan Mueller by and through his attorneys, Matthew S. Hefflefinger and Megan Mole of HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the cause of action styled, *Delores Cooks v. Evan J. Mueller and Transco Inc., 2019 L 011523*, originally filed and now pending in the Circuit Court of Cook County, Illinois, County Department, Law Division, from said Circuit Court to the United States District Court for the Northern District of Illinois, Eastern Division. In support of its Notice of Removal, Defendant states as follows:

1. Plaintiff, Delores Cooks, filed a Complaint against Defendants, Evan J. Mueller and Transco, Inc., on November 9, 2019. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2. Service of summons was completed upon Mueller on November 19, 2019.

3. Upon information and belief, Transco Inc. has not been served in this matter. Regardless, Transco Inc. is an incorrectly named party to Plaintiff's Complaint. The correctly named party is Transco, Inc, a Texas Corporation.

1

36428-1
Firm I.D. 47812

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as Mueller is filing it within 30 days of receipt of the Complaint in this matter.

5. At the time the action was commenced and since then, Plaintiff Delores Cooks was and is a natural person and a citizen of the State of Illinois. See Police Report, attached as Exhibit B.

6. Defendant Mueller was and is a natural person and a citizen of the State of Wisconsin. He resides at 2932 93rd Street, Sturtevant, WI 53177, where he was served in this matter. A redacted copy of his Commercial Driver's License is attached as Exhibit C.

7. Although the incorrectly-named Transco Inc. is an Illinois Corporation, the proper party is a corporation organized under the laws of the State of Nevada with its principal place of business in Temple, Texas, and is, therefore, a citizen of Nevada and Texas pursuant to 28 U.S.C. § 1332. See Exhibit D. The correct Transco, Inc. is a subsidiary of McLane Company, Inc., which is the parent company to Mueller's employer; McLane Food Service, Inc. See Exhibit E.

8. Plaintiffs' Complaint prays that the Court enter a judgment on Plaintiff's behalf and against each Defendant, "in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of bringing this suit. " Exhibit A.

9. Notwithstanding this prayer, this Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). If the plaintiff, "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

2

36428-1
Firm I.D. 47812

10. This is a personal injury action in which Plaintiff's alleged injuries arise out of a collision between Plaintiff's school bus and Mueller's tractor trailer on Irving Park Road in Streamwood, Illinois, which "caused Plaintiff to be thrown with great force in and about the motor vehicle in which he was situated." Exhibit A at ¶10. As a result, Plaintiff alleges that she "was injured, with accompanying pain and suffering, [and] became liable to pay for continues to be obligated to expend sums of money for reasonable and necessary medical care and services, sustained a loss of normal life and a loss of wages or diminution of value of earnings." Exhibit A at ¶11.

11. Viewing the facts and claims alleged in Plaintiff's Complaint, Defendant Mueller holds a good-faith belief that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and that his belief is plausible and supported by a preponderance of the evidence. *See Kancewick v. Howard,* No. 08 C 229, 2008 U.S Dist. Lexis 27487, at *8 (N.D. Ill. Apr 3, 2008) (concluding that removal was proper after considering an affidavit from plaintiff's counsel indicating that the damages sought exceeded $50,000.00; a police report stated that defendant's semi-trailer truck "sideswiped" plaintiff's car and that due to the impact, plaintiff "lost control and entered the grassy median," and the complaint claimed Plaintiff "suffered severe and permanent injuries of a personal and pecuniary nature"); *see also Rising v. Moore-Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir. 2006) (holding that a removing defendant can rely upon a plaintiff's initial settlement demand to establish diversity jurisdiction and explaining that a pre-discovery estimate of a case's work "is close in spirit to the *ad damnum* in a complaint").

12. Pursuant to 28 U.S.C. § 1332, there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. Accordingly, this Court has original jurisdiction over this matter. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

36428-1
Firm I.D. 47812

13. This action is currently pending in the Circuit Court of Cook County, Illinois, County Department, Law Division. Pursuant to 28 U.S.C. 1441(a), removal to the United States District Court for the Northern District of Illinois, Eastern Division, is proper.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings that have been served upon Defendant Mueller in the removed case are attached to this Notice of Removal. As stated above, a copy of the Complaint is attached hereto as Exhibit A.

15. Defendant Mueller will provide written notice hereof to all adverse parties and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division, as required under 28 U.S.C. § 1446(d).

**DEFENDANT DEMANDS TRIAL BY JURY.**

Evan J. Mueller, Defendant

By: /s/ Megan A. Molé
Matthew S. Hefflefinger, ARDC # 6201281
Megan Molé, ARDC #: 6305818

HEYL, ROYSTER, VOELKER & ALLEN, PC
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601-6199
Phone: 309.676.0400
Primary e-service: peoecf@heylroyster.com
Secondary e-service #1: mhefflefinger@heylroyster.com
Secondary e-service #2: clsmith@heylroyster.com

AND

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
33 N. Dearborn Street, 7th Floor
Chicago, IL 60602
T: 312.853.8700 / F: 312.782.0040
mmole@heylroyster.com
Firm ID No. 47812

4

36428-1
Firm I.D. 47812

## **PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument, **NOTICE OF REMOVAL**, was served upon all attorneys to the above cause as designated below via the CM/ECF System on the 19th day of December, 2019.

TO:

**Attorneys for Plaintiff**
Mr. Guy D. Geleerd, Jr.
Guy Delson Geleerd Jr. Trial Lawyer LLC
180 N. Michigan Avenue
Suite 2100
Chicago, IL 60601
(312) 236-9751
guy.geleerd@gmail.com

/s/ Sandra A. Sanchez
ssanchez@heylroyster.com

HEYL, ROYSTER, VOELKER & ALLEN
33 North Dearborn, 7th Floor
Chicago, IL 60602
Telephone 312.853.8700
Facsimile 312.782.0040
Primary e-service: peoecf@heylroyster.com

37355304_1